This suit was instituted in Llano County against the Houston 
Texas Central Railroad Company, the Gulf, Colorado Santa Fe Railway Company and the Atchison, Topeka Santa Fe Railway Company, to recover for damages charged to have been sustained by the plaintiff in the shipment of certain cattle *Page 329 
from Llano, Texas, to Fairfax, Oklahoma Territory. For the purposes of this case the following statement of the evidence will suffice:
A.K. Scott desired to ship a lot of cattle from Llano, Texas, to Fairfax, Oklahoma Territory, and about the 10th day of April, 1903, he filed his written demand for cars with the agent of the Houston Texas Central Railroad Company at Llano, and, on the 17th of that month, the cars having been furnished, Scott loaded his cattle for shipment and entered into a contract with the Houston Texas Central Railroad Company, by its agent, for the shipment of the cattle by way of Brenham, there to be delivered to the Gulf, Colorado Santa Fe Railway Company, and, at the latter place, he entered into a like contract with the last named company for shipment of the cattle from Brenham to Fairfax over the Gulf, Colorado Santa Fe Railway Company and the Atchison, Topeka Santa Fe Railway Company. In each contract the liability of the carrier was limited to its own line. The cattle were waybilled through from Llano to Brenham over the railroads indicated to Fairfax at a through rate of freight of $63.25 per car. At the time that Scott made the demand for cars he stated to the railroad agent at Llano that he wished to ship the cattle by way of Lampasas and at that time he was informed by the agent that he could not ship them by that route except as local freight, that he could not give him a through waybill nor through rate. Scott wanted to go by Lampasas, but he wished a through waybill and through rate of freight. The cattle were loaded and left Llano on the 17th of April, 1903, at 9.30 o'clock p.m., and arrived at Fairfax on the 20th of April at 4:00 p.m., being out about sixty-six hours. The trip could have been made by ordinary diligence by Lampasas in thirty-three hours. There was evidence of delay at Cleburne of about nine hours in the cars and at other points for shorter periods. There is no evidence of the usual time required to make the trip by the route the cattle were sent. There is some evidence of rough handling of the cattle on the way. When the cattle left Llano they were in good condition, and when they arrived at Fairfax they were in bad and damaged condition. The son of Scott and some of his employes accompanied the cattle from Llano to Fairfax. The petition charged that by sending the cattle by Brenham instead of by Lampasas the cattle were unreasonably delayed.
At the trial the court charged the jury as follows: "If you believe from the evidence that plaintiff's cattle were in good condition when they were received by the initial carrier, the defendant Houston Texas Central Railway Company, and that they were in a damaged condition when delivered by the terminal carrier, the defendant Atchison, Topeka Santa Fe Railway Company, and that said damaged condition, if any, resulted from the negligence of defendants and was the direct and proximate result thereof, if defendants were guilty of any negligence, then it devolved upon said terminal carrier to show that such damage, if any, did not occur on its own line, and it can not acquit itself of liability, if any, for the whole damage, if any, by simply showing that a part of it, if any, also occurred on the line of a preceding carrier, if it did, but must show how much damage, if any, so occurred. And if *Page 330 
you find from the evidence that said terminal carrier has succeeded in showing that no part of said damage, if any, occurred on its line, or that it has succeeded in showing that a part of such damage, if any, occurred on the line of a preceding carrier, if it did, and how much so occurred, if it did, then the next preceding carrier would have the burden of acquitting itself in the same manner, and if you find from the evidence that it succeeded in doing so, then the burden would rest upon the initial carrier to show that it was not liable for any damage to said cattle. This paragraph is to be taken in connection with the entire charge." The jury returned a verdict for the plaintiff and judgment was entered in accordance therewith, which the Court of Civil Appeals affirmed.
The petition alleges that the Houston Texas Central Railroad Company caused unreasonable delay by shipping the cattle over a route greater in distance by two hundred miles than that over which the plaintiff demanded that his cattle should be sent, and the witnesses for the plaintiff testified to delay at Cleburne on the Gulf, Colorado Santa Fe Railroad of about seventeen hours. One of the men who accompanied the shipment through to Fairfax, testified that he did not remember any delay between Cleburne and Fairfax; no witness testified to any delay on the Atchison, Topeka Santa Fe Railroad. Notwithstanding this evidence which showed that the last carrier had been guilty of no negligent delay, the charge given by the court authorized the jury to presume that the last carrier had caused all the delay that occurred on the entire trip, and thereby had produced all the damage to the cattle which arose from delay. This charge set presumption above evidence, instead of authorizing presumption in the absence of evidence, and was calculated to lead the jury to assess against the Atchison, Topeka Santa Fe Railway Company all damages which the jury were not able to attribute definitely to the negligence of either of the other roads. This was error for which the judgment must be reversed.
The facts of this case very clearly distinguish it from the case of Gulf, Colorado Santa Fe Railway Company v. Edloff,89 Tex. 454. In that case the freight carried was furniture, and the last carrier had an opportunity of inspection and could well determine the extent of the damage before receiving it. By proving that a certain piece of furniture was broken or damaged at the time it was received the company would be able easily to show what the damages amounted to, because the value of the furniture would be easily ascertainable, piece by piece. In this case the shipment was of cattle and the injury resulted from the bad condition caused largely by unreasonable delays in the course of transportation. This delay began at the inception of the trip in the fact that the cattle were sent out of the way two hundred miles, according to plaintiff's claim, therefore when at Brenham they were about as far from Fairfax as when they left Llano, and the time consumed in reaching Brenham caused so much delay in reaching the destination, which, cooperating with the delay that may have occurred between Brenham and Fairfax, produced the injury. It would be impossible for the last carrier to show to what extent the cattle were injured *Page 331 
by the act of the Houston Texas Central Railroad Company, or what damage arose from delay on the Gulf, Colorado Santa Fe Railroad. The question is analogous to that of the amount to be awarded for mental anguish in personal injuries, and the only thing that can be done to ascertain the rights of the parties in such a case is to submit it to the good judgment of a jury to determine as best they can from all the testimony what effect the negligence of each carrier had in producing the bad condition the cattle were in when delivered. In the nature of things such fact is not susceptible of definite and exact ascertainment, and the rule of presumption which would charge the last carrier with the duty of showing the extent and amount of injury arising to the cattle from the acts of the first carrier could not be sustained by any reason upon which the rule rests. The Atchison, Topeka 
Santa Fe Ry. Co., had not the opportunity to know the exact condition of the cattle at the time it received them and to determine then what effect the previous delay had upon their value; the delay necessary for such investigation would have caused greater injury. The evidence clearly shows that when the cattle were received by the Atchison, Topeka Santa Fe Railway Company they were not in the same condition as when delivered to the Houston Texas Central Railroad Company, therefore the basis of the presumption does not exist. The charge was not applicable to the facts of this case. 6 Am. Eng. Ency. Law, 653.
The defendants requested the trial court to give this charge, which was refused: "You are instructed that if you believe from the evidence that the plaintiff, A.K. Scott, demanded of the defendant, the Houston Texas Central Railroad Company, that his cattle be waybilled through by way of Lampasas at the through rate of $63.25 per car, and if you further believe that under the tariffs and reasonable regulations of defendants, Houston Texas Central Railroad Company and the connecting carriers, in force on April 17, 1903, such through billing and through rate did not apply by the Lampasas route, then the plaintiff can not recover damages for the injuries, if any, which may have been suffered by said cattle on account of their transportation by way of Brenham, instead of by way of Lampasas." This presents the same issue raised by the charge requested and refused in the case of Houston Texas Central Railroad Company v. Everett, decided by this court at this term. The refusal of the charge was error and for reasons and authority in support of this ruling we refer to the Everett case.
The judgments of the District Court and the Court of Civil Appeals are reversed and this cause is remanded.
Reversed and remanded. *Page 332