## 8177

### PARNELL v. ATLANTIC COAST LINE R. R. CO.

Carrier—Freight—Presumptions.—It being well nigh impossible for the consignee of goods shipped over several connecting carriers to ascertain on which they were damaged in transit, the Courts have generally placed on the terminal carrier the burden of responding for injuries sustained in transit, unless it can be affirmatively shown they were damaged in the hands of another carrier. This presumption continues throughout the trial and should only be rebutted by evidence so clear and conclusive that no reasonable man could fail to come to the conclusion that the damage had not been done by the terminal carrier.

Before DeVore, J., Darlington, November, 1910. Affirmed.

Action by Mamie A. Parnell against Atlantic Coast Line Railroad Company. Defendant appeals.

*Messrs. W. F. Dargan, P. A. Willcox* and *B. J. White,* for appellant. *Mr. White* cites: *Presumption against last carrier for damages may be rebutted:* 66 S. C. 477; 76 S. C. 308; 78 S. C. 38; 85 S. C. 194; 88 S. C. 310; 85 S. C. 381; 87 S. C. 206; 87 S. C. 184; 48 N. H. 553. *This rule is based on public policy:* 73 Ark. 112; 5 Am. R. 323; 84 S. W. 694; 16 Cyc. 935; 88 S. C. 72.

*Messrs. J. Monroe Spears* and *Miller & Lawson,* contra, cite: *Presumption is against terminal carrier:* 86 S. C. 312; 78 S. C. 38; 88 S. C. 172.

April 8, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, on December 27, 1908, delivered to the St. Louis and Iron Mountain Railroad Company, at Collinston, Louisiana, a piano enclosed in a box, consigned to herself at Lamar, South Carolina. The piano was delivered by the Southern Railway, an intermediate carrier, to the defendant, the terminal carrier, at Sumter, South Carolina. On arrival at Lamar it was found to be considerably injured; and the plaintiff in this action recovered against the defendant a judgment for actual damages fixed by the jury at $350.

The appeal depends on the defendant's position that the Circuit Judge should have granted a nonsuit or directed a verdict on the ground that its evidence was overwhelming and admitted of no other conclusion than that the piano had been damaged before it was received by it at Sumter.

. The plaintiff testified that the piano was in good condition, and properly packed in a new box when it was shipped; and 'the agent of the initial carrier testified that it was shipped by him from Collinston in good condition.

On the part of the defendant there was evidence from a number of railroad agents who handled the shipment that the box was old, too large for the piano, and that the packing was very badly done.

This conflict of testimony made a distinct issue of fact, which only the jury could decide as to the condition of the shipment when it was received by the initial carrier. In a case like this it is well nigh impossible for the owner of property to ascertain on which of several connecting carriers property in transit was injured, and to meet this difficulty the Courts have generally held that the burden is on the carrier which delivers the goods to the consignee to respond to any damage which occurs in transit unless it can affirmatively show that the goods were injured while in the hands of some other carrier. *Willette* v. *Southern Ry.,* 66 S. C. 477. This presumption against the terminal carrier stands as evidence throughout the trial to be weighed by the jury along with any rebutting evidence of the defendant tending to show that the damage was done while the goods were in the hands of another carrier. Nevertheless, when the rebutting evidence is so clear and conclusive that no reasonable man could fail to come to the conclusion that the damage had not been done by the terminal carrier, then it would be the duty of the Court to order a nonsuit or direct a verdict for the defendant. *Baker* v. *Western Union Tel. Co.,* 87 S. C. 174, 69 S. E. 151. And the defendant contends that the evidence offered to rebut the presumption of damage while the goods were in the hands of the terminal carrier was so conclusive as to come up to this standard. In weighing evidence to ascertain whether the terminal carrier has, beyond all doubt, overcome the presumption, it ought always to be borne in mind that the presumption is

based on the fact that the shipper usually has no other protection, and no other means of meeting any testimony of the railroad agents as to the place where the damage occurred.

Assuming all the testimony of the railroad agents to be true, it falls short of conclusively showing that the damage was not done on the terminal road. It is true that the agents testified and the way bills indicate that the box was in bad condition when it was delivered to the Southern Railway, the intermediate carrier, and by it to the defendant, the terminal carrier; but not one of the agents examined the piano itself, or could testify as a fact known to him that the defect in the packing or the breaking of the box had resulted in injury to the piano before it reached the terminal carrier. It is true the evidence of the witnesses seemed to make it very probable that the damage was done before the piano was delivered to the defendant, but it was the province of the jury, and not of the Judge, to weigh the probability against the presumption to the contrary, and there is no ground for this Court to disturb the conclusion the jury reached.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

Mr. Justice Fraser *did not sit in this case.*