## BUEL, PRYOR & DANIEL v. ST. LOUIS & S. F. R. CO.

No. 5422—Opinion Filed April 11, 1916.

Second Petition for Rehearing Denied April 17, 1917.

(163 Pac. 536.)

**1. Carriers—Carriage of Live Stock—Action for Delay—Instruction and Evidence.**

In an action for negligent delay in the interstate transportation of live stock, there being some evidence of such negligent delay, it is error to instruct the jury to the effect that if the live stock were transported in accordance with the published schedule of the railroad company, the plaintiff could not recover.

**2. Appeal and Error—Review—Theory of Case.**

Parties will not be allowed to change front in this court and assert a theory which was not suggested in the court below.

(Syllabus by Burford, C.)

Error from County Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Buel, Pryor & Daniel against the St. Louis & San Francisco Railway Company. Judgment for defendant, and plaintiffs bring error. Reversed, with directions to grant a new trial.

Fred M. Carter and Moore & Noble, for plaintiffs in error.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for defendant in error

Opinion by BURFORD, C. This was an action brought for an alleged negligent delay in the transportation of certain cattle from Shulter, Okla., to National Stockyards, Ill. The defendant pleaded a live stock shipping contract in the usual form used in interstate shipments, and on the trial introduced in evidence a schedule governing the operation of its freight trains and the shipment of live stock in less than ten carload lots, between Shulter and National Stockyards, Ill. The court instructed the jury as follows:

"You are instructed that the railroad company is vested with discretion as to the arrangement of its schedules, and it has a right to make, publish and put in effect schedules for handling freight over its line of road, and if you believe and find from the evidence in this case that the defendant on the 4th day of November, 1911, had in effect

schedules governing the transportation of live stock between Shulter, Oklahoma, and St. Louis, Missouri, and that said schedules provide that shipments of less than ten cars of live stock would be transported and delivered in time for the market on the third day after loading, and if you further believe and find from the evidence that the plaintiff's said live stock were transported in accordance with the regular published schedule of the defendant, and delivered at destination in time for market within the third day after loading, your verdict should be for the defendant."

The giving of this instruction was error. Whatever may be the holding in other jurisdictions, this court has committed itself to the doctrine that the mere proof of a schedule adopted by a railroad company, and further proof that the shipment was made within the time specified within said schedule, will not excuse the railroad company, if there be proof of negligent delay in the shipment. In other words, the schedule might provide for such slow transportation, that negligent delay in handling the shipment might nevertheless be proved. In St. L. & S. F. R. Co. v. Shepard, 40 Okla. 589, 139 Pac. 833 (affirmed March 15, 1916, 240 U. S. 240, 36 Sup. Ct. 274, 60 L. Ed. 622), this court said:

"Where, in a common-law action to recover damages for the breach of a shipping contract, whereby defendant undertook to transport certain cattle within a reasonable time, the evidence reasonably tends to show that defendant breached its contract by failing so to do, the same is sufficient to take the question of negligence to the jury, and the presumption of negligence is not explained or rebutted by positive evidence on behalf of the defendant that the regular schedule of its stock trains would not enable it to deliver the cattle within a reasonable time."

And in the same case this court quoted with approval from Cleve v. C., B. & Q. R. Co., 77 Neb. 166, 108 N. W. 982, 124 Am. St. Rep. 837, Ann. Cas. 33, where it is said:

"In order to recover damages for an alleged delay in the shipment of live stock, it is necessary to introduce some competent evidence tending to show the length of time ordinarily required to transport the shipment from the place where received to the point of delivery, and that a longer time was actually consumed than was necessary for that purpose."

There was evidence in this case fairly coming within the rule just quoted which clearly distinguishes this case from that of St. L. & S. F. R. Co. v. Waggoner, 52 Okla. 1, 152 Pac. 448, in which it was merely contended, but not proved, that the time for transportation was too long. In this case, therefore, under the rule in St. L. & S. F. R. Co. v. Shepard, supra, the court ought not to have given the instructions above quoted.

It is urged by the railroad company that they are exonerated from liability by section 5 of the live stock contract, which provides:

"Live stock is not to be transported or delivered within any specified time, nor in season for any particular market."

The difficulties with this contention are two: First, the substance of this cause of action is not failure to deliver for any particular market, or within any particular time, but failure to deliver within a reasonable time. St. L. & S. F. R. Co. v. Shepard, supra. Second, if the contract be construed as stipulating against the negligence of the carrier, then it is void. Adams Exp. Co. v. Croninger, 226 U. S. 491, 509, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; St. L. & S. F. R. Co. v. Bilby, 35 Okla. 589, 605, 130 Pac. 1089.

It is also urged on behalf of the defendant in error that this judgment ought not to be reversed for the reason that the plaintiff did not show any compliance with the terms of the shipping contract regarding the giving of notice as to the loss or damage. This contention cannot be sustained for the reason that although this defense is somewhat obscurely suggested in the pleadings, yet it was not called to the attention of the court below, and from this record it cannot be said that there was any reference in the trial to suggest such theory. Parties must try their cases here upon the theory which they adopt in the court below. Having tried the case upon certain grounds, they will not be allowed to change front in this court and insist upon the judgment being upheld upon matters not suggested at the trial. Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209; Hamilton v. Brown, 31 Okla. 213, 120 Pac. 950; Coombs v. Cook, 35 Okla. 326, 129 Pac. 698, and cases cited.

For the reasons given, the cause is reversed, with directions to the trial court to grant a new trial, and for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.