## WICHITA FALLS & N. W. RY. CO. v. BENTON.

No. 8173—Opinion Filed Jan. 9, 1917.

Rehearing Denied Oct. 2, 1917.

(167 Pac. 633.)

**1. Carriers—Live Stock — Place of Injury —Connecting Carriers—Presumption.**

When cattle in good condition are delivered for shipment over the lines of several connecting common carriers, and upon delivery are injured and some of them dead, the presumption is that the injury or loss occurred upon the line of the delivering carrier.

**2. Same—Rebuttal of Presumption—Question for Jury.**

This presumption may be rebutted by evidence showing that the cattle when received by the delivering carrier were in bad condition. When such evidence is introduced, the presumption, on the one hand, and the rebutting evidence, on the other, ordinarily form an issue of the fact for the determination of a jury.

**3. Appeal and Error — Finding of Fact— Review.**

The determination of such issue of fact against the terminal carrier approved by the trial court ought not to be disturbed by this court unless the rebutting evidence is so conclusive that we can say that the finding of the jury has no evidence reasonably tending to support it.

**4. Carriers—Injury to Live Stock—Damages—Apportionment Between Connecting Carriers.**

Where there is evidence that cattle were received by a terminal carrier in bad condition, and there is also evidence of facts and circumstances tending to show negligence upon the part of the terminal carrier, the question of what proportion of the loss or damage, if any, is chargeable to the terminal carrier is one for the jury.

(Syllabus by Burford, C.)

Error from District Court, Tillman County; T. P. Clay, Assigned Judge.

Action by E. D. Benton against the Wichita Falls & Northwestern Railway Company for damages to live stock in transit. Judgment for plaintiff, and defendant appeals. Affirmed.

Mounts & Davis, for plaintiff in error.

J. E. Williams, for defendant in error.

Opinion by BURFORD, C. Benton shipped a car of live stock from Ft. Worth to Tipton, Okla., over the lines of the Ft. Worth & Denver and Wichita Falls & Northwestern Railway Companies. The latter was the terminal carrier. Upon the trial of this action against it for the loss and damage to the cattle it proved that the cattle were in bad condition when delivered to it, and that one was dead. The only evidence of negligence upon its part was the bruised and skinned condition of the cattle. The defendant claimed their condition was due to weakness resulting from dipping in arsenical dip at Ft. Worth. Plaintiff's witnesses strenuously denied that the effect of the dip was weakening. If it was not, then the condition of the cattle, uncontrovertibly worse on delivery than at the time of the receipt by defendant, was alone evidence of rough handling and negligence. Although we would have unhesitatingly reached a different conclusion from that of the jury in this case, yet we cannot say that under the record there is no evidence to support their finding. We are not therefore at liberty to disturb it.

The sole question is whether the evidence supports the verdict. Complaint is made of the instructions, but upon examination we are of opinion that they fairly conform to the principles hereinafter referred to. The rule of law applicable is found in St. L., I. M. & S. v. Carlile, 35 Okla. 118, 128 Pac. 690, where, after reviewing the previous authorities, it is said:

"When the goods shipped, upon reaching their destination, are found to be injured or

some of them lost, the presumption is that such injury or loss occurred on the line of the delivering carrier; and there is no presumption that the injury or loss occurred while the goods were in the hands of the initial carrier."

In C., R. I. & P. R. Co. v. Harrington, 44 Okla. 41, 143 Pac. 325, we said:

"The Carmack Amendment [Comp. St. 1916. §§ 8604a, 8604aa) to the Interstate Commerce Law, * * * imposing liability on an initial carrier for loss, damage or injury to property occurring anywhere on the through route, did not abrogate the rule of evidence that property received in good order by the initial carrier is presumed to have been received in like good order by the succeeding carrier, and that final delivering in bad order raises a rebuttable presumption that the injury occurred on the delivering carrier's line."

When, therefore, plaintiff introduced evidence tending to show, as he did, shipment in good order, and proved that the cattle were injured, dead, and dying when delivered by defendant, he established a prima facie case. Armstrong, Bryd & Co. v. Ill. Cent. Ry. Co., 26 Okla. 352, 109 Pac. 216, 29 L R. A. (N. S.) 671. Defendant then introduced evidence showing that the cattle were in bad condition when received by it. This was proper as a rebuttal of the presumption. But who is to determine when the presumption is overcome? Is the effect of plaintiff's evidence a question of law for the court or of fact for the jury? Undoubtedly the weight of the evidence is for the jury, and consequently they must determine when sufficient evidence has been introduced to overcome the presumption which the law implies. Michie on Carriers, p. 3398, and cases cited. Their determination approved by the trial court under our unbroken rule could only be disturbed where we could say that there was no evidence reasonably tending to support it. And see Parnell v. Atlantic Coast Line Co., 91 S. C. 270, 74 S. E. 491.

Here the evidence as to the bruised and injured condition of the cattle at destination, if defendant's theory of weakness from dipping be rejected, was some evidence of negligence in rough handling after receipt by defendant. There being, therfore, some evidence of negligence on the part of defendant, we think it was properly left to the jury to determine what, if any, damage was occasioned by the initial and terminal carriers respectively, and to charge defendant with its proper part thereof. H. & T. C. v. Scott, 99 Tex. 326, 89 S. W. 763. That the jury did this is evidenced by their verdict, which

found for part only of the dead animals. That verdict, under the record, we are not at liberty to disturb.

Affirmed.

By the Court: It is so ordered.