### EASTERN ELEVATOR CO. v. ATCHISON, T. & S. F. RY. CO. et al.

No. 11734—Opinion Filed Oct. 16, 1923.

**1. Carriers—Live Stock Shipment—Damages for Delay—Presumptions and Burden of Proof.**

Where, in an action to recover damages to live stock by reason of the unreasonable delay of the defendant to transport and deliver the same at their destination, it is shown by the plaintiff that the defendant failed to deliver said live stock in proper condition within a reasonable time, a presumption of negligence arises, and the burden is upon the defendant to excuse itself from negligence.

**2. Same—Erroneous Instructions.**

Held, that an instruction to the jury to the effect that the burden of proof is upon the plaintiff to show that the shipment of live stock was negligently delayed and that the plaintiff suffered damages thereby, and to which was added the following, to wit: "In this connection you are instructed that mere proof of delay is not proof of negligence," is prejudicial error.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Eastern Elevator Company against the Atchison, Topeka & Santa Fe Railway Company and Charles E. Schaff, receiver for the Missouri, Kansas & Texas Railway Company. Judgment for the defendant, and plaintiff brings error. Judgment of the lower court is reversed, with instructions to grant a new trial.

Walter & Hilprit, for plaintiff in error.

Cottingham & McInnis, for A., T. & S. F. Ry. Co.

M. D. Green and H. L. Smith, for defendant in error Charles E. Schaff, Receiver.

Opinion by JARMAN, C. This is a suit for damages to a car of hogs which was delayed in shipment by the defendants, thereby causing the hogs to lose in weight and to reach their destination too late to be placed on the market for which they were intended and forcing them to be sold on a declined market. Verdict was rendered for the defendants and judgment was rendered thereon accordingly, from which the plaintiff brings error.

The plaintiff alleges that on October 8, 1917, at about four o'clock p. m., the plaintiff delivered to the defendants at Marshall, Okla., a carload of hogs to be shipped to the Vinson-Aldridge Commission Company at National Stock Yards, Oklahoma City, Okla. The plaintiff alleges that the usual and the reasonable time for transportation of said hogs from Marshall, Okla., to Oklahoma City, Okla., is ten hours, and said shipment should have arrived in Oklahoma City between two and six o'clock on the morning of October 9, 1917, but as a matter of fact, the same did not arrive until in the afternoon of October 9, 1917, and too late to be placed on the market of October 9, 1917, and the plaintiff was forced to hold said hogs until October 10, 1917, in order to place them on the market: that by reason of being kept on the road for this unusual and unreasonable length of time they lost weight, and by reason of having to hold the hogs over until October 10th to place them on the market there was an extra feed bill, and the market price on hogs on October 10th had declined since October 9th, all of which damaged the plaintiff in the sum of $160.87.

Issue was joined by the defendants upon these allegations and the case was tried to a jury, which resulted in a verdict for the defendants, upon which the court rendered judgment.

The plaintiff assigns as error that the trial court erred in the giving of instruction No. 4½, which is as follows, to wit:

"You are instructed that the burden of proof in this case is upon the plaintiff to prove the material allegations of its petition; that is, that the shipment was negligently delayed and suffered damages thereby. In this connection you are instructed that mere proof of delay is not proof of negligence."

Was this prejudicial error? We are compelled to answer this question in the affirmative. In this case, the evidence produced by the plaintiff tends to show that there was unusual delay in transporting this car of hogs from Marshall to Oklahoma City, and this was a question, under

proper instructions by the court, to be submitted to the jury. The evidence shows that the hogs were loaded at Marshall about four o'clock p. m. on October 8, 1917, and that the same arrived at Oklahoma City in the afternoon of October 9, 1917; that they should have arrived at Oklahoma City early on the morning of October 9, 1917. The defendants contend that it is not sufficient for the plaintiff to prove that there was an unreasonable delay in the shipment, but that the plaintiff must also prove that said delay was due to the negligence of the defendants. This is the Missouri rule, but it is not supported by the weight of authority. The rule adhered to in Missouri is as follows:

"In a case for damages to live stock on account of delay, the burden is on the shippers to show negligence and such burden remains on them throughout the case." Neely et al. v. Hines, Director General of Railroads (Mo.) 237 S. W. 906.

The general rule is laid down in section 429, at page 301, 10 C. J., as follows:

"Section 429. * * * However, when evidence of unusual delay is adduced, a prima facie case of negligence is made out and the burden then devolves on the carrier to explain the delay and to show that it arose from some cause other than the carrier's negligence, or that of its agents or servants."

In the very next section, which is section 430, at page 301, 10 C. J., we find the following, to wit:

"Section 430. Contrary to the rule stated in the preceding section, the rule in Missouri, prior to the statute qualifying it in respect to live stock shipments, has always been that the mere showing of delay, whether unusual or not, raises no presumption of negligence, and that the burden is on the plaintiff to show, not only unusual delay but that such delay was due to defendant's negligence."

Thus we see that the Missouri rule, which is the one the trial court in the instant case followed, is the exception. The general rule, above quoted, is supported by the great weight of authority of the various states of our country, including Oklahoma. The following is the rule announced in the case of Mann & Wheeler v. Birchard, 40 Vt. 326, 94 Am. Dec. 398, to wit:

"Prima facie evidence of want of ordinary care, on the part of a railroad company in carrying goods, is shown by an unusual and unexplained delay and failure to deliver the goods according to the general course of business. It raises a natural presumption of negligence; and it is not incumbent upon the plaintiff to prove that there was not some unavoidable accident, or other unforeseen occurrence, which would relieve the defendant from this natural presumption." Richmond, etc., R. Co. v. Trousdale, 99 Ala. 389, 13 South. 23; Tiller v. Chicago, etc., R. Co. (Iowa) 112 N. W. 631; Cincinnati, etc., R. Co. v. Myers, 165 Ky. 700. 178 S. W. 1038; Nelson v. Chicago, etc., R. Co., 78 Neb. 57, 110 N. W. 741; Parker v. Atlantic Coast Line R. Co., 133 N. C. 335, 45 S. E. 658; Missouri, etc., R. Co. v. Stark Grain Co., 103 Tex. 542, 131 S. W. 410; Joliffe v. Northern Pacific R. Co., 52 Wash. 433, 100 Pac. 977; Woodford v. Baltimore, etc., R. Co., 70 W. Va. 195, 73 S. E. 290; Ayers v. Chicago, etc., R. Co., 71 Wis. 372, 37 N. W. 432.

The Supreme Court of Oklahoma, speaking through Mr. Justice Turner, in the case of St. L. & S. F. R. Co. v. Peery, 40 Okla. 432, 138 Pac. 1027, lays down the following rule, to wit:

"If, in a common-law action to recover damages for the breach of a shipping contract, whereby defendant undertook to safely transport certain cattle, it is shown that the defendant failed to deliver the same in a safe condition within a reasonable time, a presumption of negligence arises, and the onus is upon the defendant to excuse itself from negligence." See, also, St. L. & S. F. R. Co. v. Shepard, 40 Okla. 589, 139 Pac. 833.

Under this rule, when the plaintiff offered evidence to show that the defendants failed to deliver the hogs in a safe condition within a reasonable time, a prima facie case of negligence was established against the defendants, and the burden of proof then shifted to the defendants to excuse themselves from negligence in connection with the delayed shipment. It would be unjust, and, in many instances, would deprive a party of his property and his rights if he were compelled to establish the different acts of commission or omission on the part of a carrier constituting negligence in the delay of shipments; in a great many instances a plaintiff would not know what occasioned or caused the unnecessary delay. This kind of proof is peculiarly within the knowledge of the carrier, and, therefore, the burden of proof to excuse itself from negligence by reason of the unusual delay in shipment, should rest upon the party possessing such knowledge, the carrier.

The jury, in the instant case, by reason of instruction No. 4-1-2, above set out, was justified in concluding that inasmuch as the plaintiff had not proved any act of commission or omission on the part of the defendants that established negligence occasioning the delay in the shipment of the carload of hogs from Marshall to Oklahoma City, that the plaintiff was not entitled to recover. We think that, for the reasons given, and on the strength of the authorities above cited, the

giving of this instruction was prejudicial error.

The judgment of the lower court is reversed, with instructions to grant a new trial.

By the Court: It is so ordered.