## CHICAGO, R. I. &.P. RY. CO. v. SIMMONS.

No. 13052—Opinion Filed June 10, 1924.

Rehearing Denied Sept. 16, 1924.

**1. Carriers — Delay in Cattle Shipment — "Reasonable Time" a Jury Question.**

In an action against a common carrier to recover damages for negligent delay and rough handling in the interstate transportation of cattle, a showing that the cattle were moved in accordance with the regular schedule provided by the carrier for the movement of livestock, and that the cattle reached their destination within the time provided by such schedule, is not conclusive upon the question of whether or not the cattle received a reasonable movement under the circumstances, and where there is testimony introduced tending to show that a longer time was consumed in moving the shipment than was customary, the question as to what was a reasonable time for the transportation of the cattle then becomes a question of fact for the determination of the jury.

**2. Same—Delay and Rough Handling.**

In an action against a common carrier to recover damages for negligent delay and rough handling in the interstate transportation of cattle, where the evidence reasonably tends to show improper handling and that the carrier failed to transport the cattle within a reasonable time, it is sufficient to take the question of negligence to the jury, and the question as to what is a reasonable time for the transportation of the cattle, and as to the reasonableness and sufficiency of the excuse which the carrier makes for its delay, and for the manner in which it handled the cattle, then become questions for the determination of the jury under proper instructions from the court.

**3. Same—Sufficiency of Instructions.**

Record examined, and held, that the instructions given by the court to the jury fairly stated the law applicable to the case, and that the court committed no error in refusing to give the instructions requested by the defendant.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by B. F. Simmons against the Chicago, Rock Island & Pacific Railway Company to recover damages for negligent delay in the transportation of a shipment of livestock. Judgment for plaintiff, and defendant brings error. Affirmed.

C. O. Blake W. F. Collins, W. R. Bleakmore, and A. T. Boys, for plaintiff in error.

Suits & Hall and Wallace & Fields, for defendant in error.

Opinion by FOSTER, C. This action was commenced in the district court of Garvin county, Okla., on the 22nd day of April, 1921, by B. F. Simmons, defendant in error, plaintiff below, against the C., R. I. & P. Railway Company, a corporation, plaintiff in error, defendant below, to recover damages as a result of alleged delay and rough handling in the transportation of 114 head of cattle, which the defendant in error had delivered to the plaintiff in error to be transported from Lindsey, Okla., to Kansas City, Mo.

The parties will be hereinafter referred to as they appeared in the trial court.

The petition alleged that the defendant negligently failed to transport and deliver said cattle within a reasonable time. It was alleged that the defendant received said cattle for transportation on the 27th day of March, 1920, at the hour of four o'clock p. m., but they did not reach their destination until March 30, 1920, at six-thirty o'clock a. m.; that if said cattle had been transported within a reasonable time they should have reached Kansas City on the 29th day of March, 1920, in time for the market of that day, and that plaintiff had been damaged by reason of the delay in the sum of $641.50, representing the difference in the market value of said cattle on the date they should have been delivered at Kansas City

and the date on which they were actually delivered; in the further sum of $641.50 damage to said cattle on account of rough handling; in the further sum of $990.09 on account of shrinkage in weight above the normal shrinkage, if they had been transported in the usual time and with reasonable care, and in the sum of $36 on account of feed furnished at Caldwell, Kan., all to the damage of the plaintiff in the total sum of $2,309.09.

The defendant admitted that it was a corporation, and pleaded as a defense:

First. The execution by the plaintiff of a written contract of transportation of the livestock mentioned in the petition; and,

Second. That the train upon which the plaintiff's livestock was being transported was impeded by an unusual windstorm, and denied all other allegations to the petition.

There was a trial to a jury and judgment for the plaintiff in the sum of $1,414. Motion for a new trial was filed and overruled, and the defendant brings the cause regularly on appeal to this court upon petition in error and case-made.

Several assignments of error are set out in the brief and relied upon as grounds for reversal.

The first proposition discussed by the defendant is, that the verdict is not sustained by the evidence and is contrary to law.

It is insisted by the defendant that the only competent evidence introduced upon the question of a reasonable time for the movement of the cattle from Lindsey, Okla., to Kansas City, Mo., was the testimony of the defendant to the effect that the shipment moved in accordance with the schedule fixed by it and approved by the interstate commerce commission, and in this connection it introduced its schedule for livestock movements showing that the same were to move out of Lindsey, Okla., only on Sundays and Tuesdays of each week, and were due to arrive in Kansas City, Mo., at three-thirty o'clock a. m., on Wednesdays and Fridays following; that since the shipment under the undisputed evidence arrived in Kansas City in schedule time, it received a reasonable movement, and there was therefore no competent evidence of negligence on its part introduced, and the trial court should have instructed the jury as a matter of law in accordance with instructions offered by it and refused that there was no negligent delay shown.

This argument rests upon the assumption that the movement of the cattle in accordance with the established schedule may not be disputed. This argument is without merit. It has been decided by our court that a shipment of livestock moving and reaching its destination within the time fixed by a schedule does not necessarily overthrow a presumption of negligence arising from unusual delay where there is testimony to show that a longer time was consumed in moving the shipment than was customary.

In the case of Buel Pryor & Daniel v. St. Louis & S. F. Ry. Co., 65 Okla. 108, 163 Pac. 536, it is said:

"In an action for negligent delay in the interstate transportation of live stock, there being some evidence of such negligent delay, it is error to instruct the jury to the effect that if the live stock were transported in accordance with the published schedule of the railroad company, that the plaintiff could not recover."

See, also, St. Louis & S. F. R. Co. v. Shepard, 40 Okla. 589, 139 Pac. 833; Dickinson et al. v. Seay, 71 Okla. 66, 175 Pac. 216.

If there is testimony in the record reasonably tending to show that the defendant failed to transport the cattle within a reasonable time, a presumption of negligence would arise which would suffice to take the question to the jury.

The evidence on behalf of plaintiff discloses that various individuals, including plaintiff, had been engaged for several years in shipping cattle over defendant's line of railroad from Lindsey, Okla., and vicinity, to Kansas City, Mo.

In addition to this testimony there was evidence introduced tending to show specific acts of negligence by the defendant in the movement and handling of the train in which the plaintiff's cattle were transported. There was testimony tending to show that the train was overloaded, as a result of which the plaintiff's cattle were delayed.

Mr. E. P. Kelley, assistant manager of the defendant railroad company, testified there had been instances in which cars of livestock had gone through in 36 hours during the time defendant's stock schedule was in force, arriving in Kansas City ahead of schedule time.

Without expressing any opinion upon the weight of plaintiff's testimony, it was sufficient in our judgment to take the case to the jury, and to authorize the jury, if they believed plaintiff's testimony, to find in accordance therewith, and if there were no prejudicial errors of law shown in the instructions of the court or in its ruling upon

law questions presented during the trial, such verdict must be sustained upon appeal.

It is further insisted that the court erred in instructions Nos. 2, 4, 5, and 6, and in refusing certain instructions requested by the defendant.

Our court has several times had occasion to determine what acts by a carrier engaged in interstate transportation of livestock are necessary to raise a presumption of negligence, and it has generally held that proof of unusual or unreasonable delay raises a presumption of negligence without proof of specific acts of negligence, and that the question of the sufficiency of the excuse which the carrier offers for the delay then becomes a question for the jury.

In this case, however, it must be borne in mind that in addition to evidence of unusual delay, there was evidence introduced that the train by which the plaintiff's cattle were conveyed was overloaded to such an extent that in some portions of the journey it was impossible to make more than six miles per hour, and that as a result of the overloaded condition of the train, the cattle were thrown about and bruised in such a manner that they were not worth as much upon the market as if they had been handled otherwise.

We do not think that the instructions requested by the defendant, and refused by the court, are a fair statement of the law, and that the court committed no error in refusing the same. Nor do we think, upon a careful review of the cases of St. Louis S. & F. R. Co. v. Perry, 40 Okla. 432, 138 Pac. 1027; Midland Valley R. Co. v. Larson, 41 Okla. 360, 138 Pac. 173; Dickinson et al. v. Seay, 71 Okla. 66, 175 Pac. 216; Eastern Elevator Co. v. Atchison, T. & S. F. Ry. Co. et al., 93 Okla. 20, 219 Pac. 332; St. Louis & S. F. R. Co. v. Shepard, 40 Okla. 589, 139 Pac. 833; and Chicago, R. I. & P. Ry. Co. v. Lawton Grain Co., 94 Okla. 289, 221 Pac. 1013, that there was anything fundamentally wrong with the instructions which were given by the court to the jury.

It is next urged that the trial court should have instructed the jury on the subject of a contract for special service in accordance with instructions offered by the defendant and refused, and that the failure of the court to so instruct violated rights secured by the defendant under the act to regulate commerce.

This contention cannot be sustained. There is no testimony so far as our examination of the record discloses that the plaintiff ever requested a special train based upon a rate not authorized or permitted by the published tariffs of the defendant which

should move independently of its general stock schedule and reach Kansas City within in 36 hours. On the other hand, the petition of the plaintiff proceeded on the theory that the defendant had breached its common-law duty by a failure to transport the cattle within a reasonable time.

It is true that the train on which plaintiff's cattle were transported moved on a day other than that provided in the regular stock schedule of the defendant, and that the plaintiff had some conversation with E. A. Simms to the effect that he (Simms) had arranged for this train as a special train, but there is no testimony that the regular schedule did not include a movement of livestock on off days upon special application being made therefore at the rate authorized in the published tariffs of the defendant for the transportation of livestock under the regular schedule.

The legal presumption is that the contract between the parties is not contrary to law, and when the fact does not appear upon the face of the contract that such contract is against public policy, the burden of proof is upon the parties asserting that fact. Young v. Stephenson, 82 Okla. 239, 200 Pac. 225.

There is no evidence in the record from which it can be said that the defendant transported plaintiff's cattle in a manner and for a charge not authorized by published tariffs, or in violation of the established schedule fixed by it and approved by law, and the instructions requested by the defendant on these matters, in our judgment, have no application.

The further contention made that there was no competent evidence introduced to prove a decline in the market value of the cattle cannot be sustained. Both the plaintiff and the witness, J. K. Simms, testified that they had been engaged in selling cattle upon the Kansas City market for several years, and testified to the extent of the decline in the market on the 30th below what it would have been had the cattle arrived in due time on the 29th. The means and extent and therefore the worth of their opinions were matters to be developed on cross-examination. If the defendant was not satisfied with the testimony as to the decline in the market, it was open to it to call witnesses in the extent of whose knowledge and the weight of whose opinion it had confidence. Montana Railway Company v. Charles S. Warren et al., 137 U. S. 348 34 L. Ed. 681; Midland Valley Ry. Co. v. Carson, 41 Okla. 360, 138 Pac. 173.

Our conclusion is that the case was prop-

erly submitted to the jury under instructions properly defining the issues presented under the pleadings and evidence in the case, and that no prejudicial errors sufficient to justify a reversal were committed.

For the reasons stated, it is our opinion that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.