**CLINTON & OKLA. WESTERN R. R. CO. v. SMITH et al.**

No. 16427—Opinion Filed March 9, 1926. Rehearing Granted July 13, 1926. Order Granting Rehearing Vacated and Opinion of March 9, 1926, refiled of this date, March 29, 1927.

1. Carriers—Delay in Shipment of Live Stock—Fault of Shipper.

Where initial and connecting carriers operate one freight train daily between the point of shipment and destination upon a schedule by which live stock delivered to the initial carrier at 3 p. m. are transported by such initial carrier to the connecting carrier, making connection with its train by which the shipment is transported to its destination, reaching there in time for the market of the following morning, and the shipper fails to deliver his stock for shipment to the initial carrier until 1½ hours after the time fixed by the schedule, and at a time when it was impossible for the initial carrier to deliver such shipment to the connecting carrier within the time fixed by its schedule by reason whereof a delay of 22½ hours is suffered, and no negligence is shown, the plaintiff cannot recover for delay in shipment.

2. Carriers—Connecting Carriers—Presumption as to Origin of Injuries to Live Stock.

Where live stock shipped over two or more connecting lines are found to be injured at their destination, there is no presumption that such injury occurred while such live stock were in the hands of the initial carrier.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4. Error From District Court, Oklahoma County; T. G. Chambers, Judge.

Action by C. D. Smith against Clinton & Oklahoma Western Railroad Company and Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant Clinton & Oklahoma Western Railroad Company appeals. Reversed and remanded.

George A. Henshaw, for plaintiff in error. Suits & Hall, for defendants in error.

Opinion by DICKSON, C. The parties will be referred to as plaintiff and defendants, as they were designated in the trial court.

The plaintiff, C. D. Smith, commenced this action in the district court of Oklahoma county against the Chicago, Rock Island &

Pacific Railway Company and the Clinton & Oklahoma Western Railroad Company, for damages alleged to have been sustained by the plaintiff by reason of the delay in the delivery of a carload of cattle, and for damages for the rough handling of said cattle shipped from McClure, Okla., to Oklahoma City, Okla.

The plaintiff alleged that he delivered said carload of cattle to the defendant. Clinton & Oklahoma Western Railroad Company at its station at McClure, Okla., on the 18th day of September, 1922; that the distance from McClure to Oklahoma City is about 124 miles, and that said shipment should have reached Oklahoma City in time for the market of September 19 1922, but that the defendant negligently and carelessly delayed said shipment at various points, and that said car did not reach Oklahoma City until the 20th of September, 1922, and that by reason of such delay his cattle were caused to shrink and were in a gaunted and famished condition and shrunken in weight, and that the market declined 50 cents per 100 weigh' from 19th day of September to the 20th day of September, and further alleged that said shipment was handled by the defendants in a rough and unusual manner, and that the car was kicked and bumped and by reason whereof his said cattle were scarred, skinned, and bruised, and presented a bad appearance when placed upon the market, all to his damage in the sum of $150.60.

The defendants by separate answers put in issue the allegations of the plaintiff's petition.

The facts developed on the trial were that the defendant Clinton & Oklahoma Western Railroad Company operated a line of railroad over which one freight train ran each 24 hours, making connection with the Chicago, Rock Island & Pacific Railway Company's station at Ralph Junction, a distance of about 27 miles from McClure, where said cattle were loaded. This train was scheduled to pass McClure at 3 o'clock p. m., and to make connection with the Chicago. Rock Island & Pacific Railway Company's train at Ralph Junction at 4:20 o'clock p. m. The evidence on the part of the plaintiff is that he delivered his cattle at McClure at 4:30 o'clock p. m. on the 18th day of September. 1922. The train was late, and at about 6 o'clock p. m. of that day picked up said car at McClure and transferred it to Ralph Junction. The cattle were not delivered at McClure until after the eastbound train of the Chicago. Rock Island & Pacific Railway Company was scheduled to pass Ralph Junction. It will be seen that the plaintiff, according to his own testimony, could not have expected to make connection at Ralph Junction with the Chicago, Rock Island & Pacific Railway Company's train, so as to have reached Oklahoma City in time for the market of the following day. The testimony is undisputed that the Clinton & Oklahoma Western Railroad Company transported said carload of cattle from McClure to Ralph Junction, reaching there after the Chicago, Rock Island & Pacific Railway Company's train had left, and that the cattle were unloaded and fed in the usual manner and reloaded and transferred to the Chicago, Rock Island & Pacific Railway Company, and shipped on the next freight train bound for Oklahoma City, and reached Oklahoma City for the market of September 20, 1922. It appears that some of the cattle were slightly skinned and bruised at the time they were unloaded at Oklahoma City. There was no evidence tending to show rough or negligent handling of the shipment by either of the carriers. The defendant Clinton & Oklahoma Western Railroad Company demurred to the evidence, which was overruled, and the case was submitted to the jury, and a verdict rendered against both defendants for $25, for damages for the rough handling of this shipment, and against the defendant Clinton & Oklahoma Western Railroad Company in the sum of $64.86 on account of loss in weight and shrinkage and feed bill, and the defendant Clinton & Oklahoma Western Railroad Company has appealed to this court and assigns that: (1) The court erred in overruling its demurrer to the evidence. (2) In overruling the motion of the defendant for an instructed verdict at the close of the case. (3) In overruling its motion for a new trial.

There is no theory upon which the judgment against the Clinton & Oklahoma Western Railroad Company can be sustained. The plaintiff in this case knew the schedule of both carriers, and knew at the time he delivered his cattle to the defendant at 4:30 o'clock p. m. on September 18. 1922, that he could not make connection with the Chicago, Rock Island & Pacific Railway Company's train at Ralph Junction.

The undisputed evidence is that the shipment reached Oklahoma City at the earliest time it could reach that point a'ter the stock were delivered for shipment. It is true that the train of this defendant was late in passing through McClure. its regular schedule being 3 o'clock p. m. and the train passed through there on this day at about 6 o'clock p. m., but the plaintiff did not deliver the shipment to the carrier until 4:30

o'clock p. m., and at a time after the Chicago, Rock Island & Pacific Railway Company's train was due and had passed Ralph Junction. There was no evidence tending to show unreasonable delay in the transportation of this shipment. C., R. I. & P. Ry. Co. v. Simmons, 100 Okla. 164, 228 Pac. 983; St. Louis & S. F. Ry. Co. v. Waggoner, 52 Okla. 1, 152 Pac. 448.

The only evidence of negligence was the evidence that several of the cattle were slightly bruised and skinned in the shipment. The uncontradicted evidence is that the cattle were in good condition at the time they were delivered to the defendant at its station at McClure, and in good condition when reloaded by the defendant Clinton & Oklahoma Western Railroad Company, and delivered to the Chicago, Rock Island & Pacific Railway Company. The presumption, therefore, is that the injuries occurred on the line of the delivering carrier. St. Louis, I. M. & S. Ry. Co. v. Carlile, 35 Okla. 118, 128 Pac. 690; Wichita Falls & N. W. Ry. Co. v. Benton, 66 Okla. 114, 167 Pac. 633.

The judgment appealed from is reversed and remanded, with directions to the trial court to further proceed in the case in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 10 C. J. p. 290 §411; 4 R. C. L. p. 738; 5 R. C. L. Supp. p. 254. (2) 10 C. J. p. 555 §921.