**BEAUMONT, S. L. & W. RY. CO. v. FARMERS' CO-OP. SWEET POTATO CURING CO. OF ROSEPINE, LA. (No. 9002.)***

Court of Civil Appeals of Texas. Galveston. July 14, 1927.

Rehearing Denied Sept. 20, 1927.

1. Commerce ⬤⟳8(13)—Federal law governs question of damages to potatoes in interstate shipment.

Where potatoes are damaged while in interstate shipment, the liability of the carriers is governed by the federal law and decisions of federal courts.

2. Carriers ⬤⟳177(4)—In interstate potato shipment, connecting carrier was liable only for damage resulting from own negligence (U. S. Comp. St. § 8604a et seq.).

Where potatoes sustained injury during an interstate shipment on which they had been transferred from the initial carrier to a connecting carrier, latter carrier was liable only for the damage resulting from its own negligence, in view of U. S. Comp. St. § 8604a et seq.

3. Appeal and error ⬤⟳1071(3)—Finding contrary to evidence that potatoes' bad condition, when delivered to connecting carrier on interstate shipment, was not shown, held not to require reversal; defendant's liability being otherwise shown.

In suit by shipper against the connecting carrier for damages to potatoes in interstate shipment, finding that there was no evidence of the bad condition of the potatoes when deliv-

ered to the connecting carrier by the initial carrier, though contrary to the evidence, *held* not to require reversal, where the evidence showed at least a large part of the damage to the potatoes in shipment was by the defendant connecting carrier's negligence in keeping car vents closed.

4. Carriers ⬤⟳177(4) — Connecting carrier could not escape liability for potatoes damaged in interstate shipment by showing they were partially damaged when received from initial carrier.

Where evidence in a suit against a connecting carrier for damage to potatoes in interstate shipment showed that at least a part of the damage was caused by defendant's failure to keep open the vents in the car, resulting in overheating, such carrier could not escape liability merely by showing that the potatoes were damaged to some extent when received from the initial carrier.

5. Carriers ⬤⟳185(1)—Where evidence showed some negligence by connecting carrier resulting in damage to interstate potato shipment, carrier had burden of showing cause of part of loss for which it denied liability.

Where, in suit by shipper against a connecting carrier for injuries to potatoes in interstate transit, evidence showed that at least a part of the damage was due to defendant's negligence in keeping car vents closed, the burden was on latter, in order to escape liability in whole or in part, to show that such damage as it disputed its liability for occurred on the initial line.

Error from Harris County Court; Ray Scruggs, Judge.

Action by the Farmers' Co-Operative Sweet Potato Curing Company of Rosepine, La., against the Beaumont, Sour Lake & Western Railway Company and another. To review the judgment rendered against it, the named defendant brings error. Affirmed.

Andrews, Streetman, Logue & Mobley, and J. R. Andrews, all of Houston, for plaintiff in error.

Bryan, Colgin, Suhr & Bering, of Houston, for defendant in error.

LANE, J. This suit was brought by the Farmers' Co-operative Sweet Potato Curing Company, hereinafter for convenience called the potato company, against the Beamont, Sour Lake & Western Railway Company, to recover the sum of $500 as damages which plaintiff alleges it suffered by reason of the negligence of the railway company in transporting a car of potatoes from Rosepine, La., to Houston, Tex.

In its original petition, filed on the 6th day of July, 1923, the plaintiff alleged that on the 19th day of May, 1922, it loaded into a car 375 sacks of potatoes at Rosepine, La., and delivered the same to the Kansas City Southern Railway Company, a connecting carrier with the defendant railway company, for transportation and delivery to Joe Ja-

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction November 23, 1927.

mail Company at Houston, Tex.; that at some point en route the potatoes were transferred from the car into which they were first loaded into car M. P. 99103, and forwarded over defendant's line to Houston, their destination; that the potatoes when delivered to the Kansas City Southern Railway Company for transportation were in good condition, but that when they arrived at Houston they were overheated and had begun to materially decay and deteriorate; that 10 sacks of the potatoes were missing when the car reached Houston; that the overheated condition of the potatoes was caused by the negligence of the defendant railway company in leaving the vents closed in the car into which they were transferred en route, and that the shortage in quantity upon reaching Houston was due to the negligent handling of same by the defendant in transit; that due to the bad condition in which the potatoes reached Houston, Joe Jamail Company refused to receive them; that it had sold the potatoes to Joe Jamail Company for the sum of $664, less freight and demurrage of $163.36; that, because of the damaged condition of the potatoes and the refusal of Jamail Company to receive them, plaintiff was compelled to sell, and did sell, them for a net sum of $140.77, leaving a loss to it of $359.87.

Plaintiff, in the alternative, alleged that defendant, because of its negligence which resulted in the damage complained of, became liable to it for the difference between the reasonable market value of the potatoes at Houston and the amount for which they were sold.

On March 20, 1925, plaintiff filed its first amended original petition and made the Kansas City Southern Railway Company a party defendant. In this petition the allegations of the original petition were substantially repeated and made to apply to the Kansas City Southern Railway Company, as well as to the original defendant, and the prayer was for judgment against both companies jointly and severally.

The defendant Beaumont, Sour Lake & Western Railway Company answered by general demurrer, general denial, and by specially alleging that at the time the potatoes were delivered to it by the Kansas City Southern Railway Company, they were unsound and in a decaying condition, that such condition, coupled with the natural tendency of potatoes to rot, deteriorate, and decay, brought about, aggravated, and hastened the damage mentioned, and that no part of such damage resulted from any negligent act of defendant.

The Kansas City Southern Railway Company, among other things unnecessary to state, pleaded the statute of limitations in bar of the plaintiff's action against it.

The case was tried before the court without a jury and judgment was rendered in favor of the Kansas City Southern Railway Company upon its plea of limitation, and in favor of the plaintiff for the sum of $346.51 against the Beaumont, Sour Lake & Western Railway Company.

From the judgment rendered against it, the last-named company has appealed.

A request being made for a finding of facts and conclusions, the court filed his findings and conclusions as follows:

### "Findings of Fact.

"I. I find that on May 19, 1922, the plaintiff delivered to the defendant Kansas City Southern Railway Company, at Rosepine, La., for shipment to the Joe Jamail Company at Houston, Tex., 32,532 pounds of sweet potatoes which were by the plaintiff loaded into car C. M. & St. P. 29128.

"II. I find that the plaintiff paid the regular freight rate on said shipment of potatoes.

"III. I find that at the time said potatoes were delivered to defendant Kansas City Southern Railway Company they were in good condition.

"IV. I find that, when said car of sweet potatoes arrived at Beaumont, Tex., the same was loaded out of said car C. M. & St. P. 29128 by the defendant Beaumont, Sour Lake & Western Railway Company and were by said defendant loaded into car M. P. 99103 and were in said car last referred to carried to Houston, Tex.

"V. I find that there is no evidence that said sweet potatoes, when they arrived at Beaumont, Tex., and were received by the defendant Beaumont, Sour Lake & Western Railway, and by it loaded into car M. P. 99103, were not in good condition.

"VI. I find that the Kansas City Southern Railway Company was the initial carrier and the Beaumont, Sour Lake & Western Railway Company was the connecting carrier.

"VII. I find that when said sweet potatoes arrived in Houston, Tex., and were tendered to the consignee, Joe Jamail Company, they were in an overheated condition and had begun to decay, and that said Joe Jamail Company rejected the same because of the fact that they were in an overheated condition and had begun to decay.

"VIII. I find that the vents in said car M. P. 99103 were closed when said potatoes in said car were tendered to said Joe Jamail Company by the defendant Beaumont, Sour Lake & Western Railway Company.

"IX. I find that said sweet potatoes and all of them were sold at auction by the Ehre-Clark Produce Company of Houston, Tex., for the account of the shipper, for the sum of $349.51, out of which were paid the following expenses: For drayage, $4; demurrage, $10.43; freight $159.36; commission, $34.95—making a total deduction of $208.74, and that the net proceeds realized from said potatoes was the sum of $140.77.

"X. I find that $349.51 was the reasonable market value of said potatoes in the condition in which they were received.

"XI. I find that the reasonable market value of said potatoes at Houston, Tex., at the time the same were tendered to the Joe Jamail Company, had they been in the condition in which they were when delivered by the plaintiff to the

defendant Kansas City Southern Railway Company for shipment to Houston, Tex., had a reasonable market value of 2 cents per pound.

"XII. I find that plaintiff's first amended original petition in this cause was filed on the 20th day of March, A. D. 1925, wherein it for the first time made the Kansas City Southern Railway Company a party defendant to this suit.

"Conclusions of Law.

"I. I find that the Beaumont, Sour Lake & Western Railway Company is liable to the plaintiff for the sum of $346.51.

"II. I find that any cause of action plaintiff might have had against the defendant Kansas City Southern Railway Company is barred by the statute of limitations."

[1, 2] The shipment being an interstate shipment, the liability of the carriers was governed by the federal law, Acts of Congress, and decisions of the federal courts, and under such law, acts, and decisions the defendant may be held liable only for such damage as resulted from its negligence. Adams v. Croninger, 226 U. S. 491, 33 S. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; H. & T. C. v. Reichardt (Tex. Civ. App.) 212 S. W. 208; Oregon v. McGinn, 258 U. S. 409, 42 S. Ct. 332, 66 L. Ed. 689; Railway v. Stone (Tex. Civ. App.) 275 S. W. 603; H. & T. C. v. Scott, 99 Tex. 326, 89 S. W. 763; Fort Worth & D. Ry. v. Hill (Tex. Civ. App.) 213 S. W. 952; U. S. Comp. Stat. § 8604a et seq.

The findings of fact of the court above set out are unchallenged except findings in paragraphs 5, 8, 9, and 10, and therefore our discussion of the issues presented by the appeal shall be confined to the question as to whether the findings challenged are supported by the evidence.

[3-5] While we conclude that the finding set out in paragraph 5 is contrary to the evidence, such finding in view of the decisions in cases of Gulf, Colorado & Santa Fé Railway Co. and the Atchison, Topeka & Santa Fé Railway Co. v. George Edlof, 89 Tex. 454, 34 S. W. 414, 35 S. W. 144, St. Louis, San Francisco & Texas Ry. Co. v. Henderson Cut Stores Co. (Tex. Civ. App.) 275 S. W. 603, and Houston & Texas Central Ry. Co. v. Reichardt & Schulte Co. (Tex. Civ. App.) 212 S. W. 208, we further conclude, constitutes no cause for a reversal of the judgment, as we think it was shown that at least a large part, if not all, the damage sustained by appellee in this case was because of the failure of appellant to open and keep open the vents in the car into which it transferred the potatoes at Beaumont, and, according to the holdings in the cases cited, in order to escape liability in whole or in part, it developed upon appellant to show that such damage as it disputed its liability for occurred on another line. Simply showing that the potatoes were damaged to some extent when received by appellant from the initial carrier who received the same in good condition will not alter the case.

As to the finding set out in paragraph 8 of the court's findings, that the vents in the car in which the potatoes were transported from Beaumont to Houston were closed when the potatoes were tendered to Joe Jamail Company by appellant, we find that there was ample evidence to sustain the same.

We also find that there was evidence to support findings Nos. 9 and 10 of which appellant complains.

Having reached the conclusion that the findings of the court, except finding 5, are sustained by the evidence, and that such findings support the judgment rendered, it becomes our duty to affirm the judgment, and it is accordingly so ordered.

Affirmed.