## RINGER *et al.* v. WILSON.

No. 6104.　Opinion Filed January 25, 1916.

(154 Pac. 1145.)

**BILLS AND NOTES — Bona Fide Holder — Presumption.** Where a party is in the possession of a note payable to his order, there is a strong presumption that he is the owner and holder of the same for value.

(Syllabus by Mathews, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by G. F. Wilson against James Ringer and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*H. A. Wilkinson* and *C. M. Thorp,* for plaintiffs in error.

*D. K. Pope* and *Walter, Hilpirt & Callihan,* for defendant in error.

Opinion by MATHEWS, C. The parties will be designated as in the trial court. On the 1st day of July, 1911, the defendants executed their note in the sum of $125, payable to the order of plaintiff. Having failed to pay the same, this action was instituted. The defendants answered, admitting the execution of the note, but as a defense pleaded that between themselves and two third parties there existed mutual accounts, and that said note was executed in settlement of said mutual accounts due said third parties, but that they were never indebted to this plaintiff at any time.

Defendants further alleged that on the ——— day of August, 1911, plaintiff, as agent for aforesaid third

parties, entered into an agreement with defendants employing them to procure a purchaser for a certain tract of land owned by said third persons at a net price of $1,000, their compensation for their services to be all sums paid in excess of $1,000 for said land; that in pursuance of said agreement defendants procured a purchaser for said land who was ready, willing, and able to buy the same at the price of $1,100, but that the said owners refused to carry out said transaction, and by reason thereof defendants were damaged in the sum of $100, for which amount they prayed an offset against the note sued on.

Upon the part of defendants it is admitted that tiff judgment upon the pleadings, and from this action of the court, the defendants prosecute this appeal.

Upon the part of deefndants it is admitted that the party holding the legal title to a note may sue on it, but they urge that the defendants have the right to interpose any legal defense which they may have against the real party in interest, and, if the case at bar presented that state of facts, we are inclined to agree with them, but there is no allegation in their answer that the plaintiff is not a *bona fide* holder of the note for value. We note that defendants have alleged that the said note was intended to be and is a note of the partnership, but this may be true, and yet the plaintiff still be a *bona fide* holder of the same for value. Where a party is in the possession of a note made payable to his order, there is always a strong presumption that he is the owner and holder of the same for value. Defendants failed to negative this presumption in their

answer; hence the action of the court in entering judgment upon the pleadings in plaintiff's favor was correct.

We recommend that the judgment be affirmed.

By the Court:   It is so ordered.