## CHICAGO, R. I. & P. RY. CO. v. SIMMS et al.

No. 13653—Opinion Filed May 13, 1924.

Rehearing Denied June 10, 1924.

1. Carriers — Interstate Cattle Shipment — Damages for Delay and Rough Handling —Reasonableness of Movement — Jury Question.

In an action against a common carrier to recover damages for negligent delay and rough handling in the interstate transportation of cattle, a showing that the cattle were moved in accordance with the regular schedule provided by the carrier for the movement of livestock, and that the cattle reached their destination within the time provided by such schedule, is not conclusive upon the question of whether or not the cattle received a reasonable movement under the circumstances, and where there is testimony introduced tending to show that a longer time was consumed in moving the shipment than was customary. the question as to what was a reasonable time for the transportation of the cattle then becomes a question of fact for the determination of the jury.

2. Same.

In an action against a common carrier to recover damages for negligent delay and rough handling in the interstate transportation of cattle, where the evidence reasonably tends to show improper handling and that the carrier failed to transport the cattle within a reasonable time, it is sufficient to take the question of negligence to the jury, and the question as to what is a reasonable time for the transportation of the cattle, and as to the reasonableness and sufficiency of the excuse which the carrier

makes for its delay, and for the manner in which it handled the cattle, then become questions for the determination of the jury under proper instructions from the court.

### 3. Same—Sufficiency of Instructions.

Record examined, and held, that the instructions given by the court to the jury fairly stated the law applicable to the case, and that the court committed no error in refusing to give the instructions requested by the defendant.

### 4. Same—Improper Reloading — Erroneous Exclusion of Defensive Evidence.

Where, in an action against a carrier to recover damages for the negligent delay and rough handling in the interstate transportation of cattle, the plaintiff was permitted to go outside the scope of his petition and introduce testimony tending to show negligent and improper reloading of the cattle en route, after they had been removed from the train for feeding and rest, it was error for the trial court to refuse to permit the carrier to amend its answer during the trial and introduce in evidence the livestock contracts issued to the plaintiff, pursuant to the act to regulate commerce, in order to controvert the evidence which the plaintiff was permitted to introduce upon the question of improper reloading, and to show that the improper reloading of the cattle was not due to its fault.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by J. K. Simms and E. A. Simms, against the Chicago, Rock Island & Pacific Railway Company, to recover damages for negligent delay in the transportation of a shipment of livestock. Judgment for the plaintiffs, and defendant brings error. Reversed.

C. O. Blake, W. F. Collins, W. R. Bleakmore, and A. T. Boys, for plaintiff in error.

Suits & Hall and Wallace & Field, for defendants in error.

Opinion by FOSTER, C. This action was commenced in the district court of Garvin county, Okla., on the 22nd day of April, 1921, by J. K. Simms and E. A. Simms, defendants in error, plaintiffs below, against the Chicago, Rock Island & Pacific Railway Company, a corporation, plaintiff in error, defendant below, to recover damages as a result of alleged delay and rough handling in the transportation of 15 carloads of cattle, which the defendants in error had delivered to the plaintiff in error to be transported from Duncan, Okla., to Kansas City, Mo.

The parties will be hereinafter referred to as they appeared in the trial court.

The petition alleged that the defendant negligently failed to transport and deliver said cattle within a reasonable time. It was alleged that the defendant received said cattle for transportation on the 27th day of March, 1920, at about the hour of 11 o'clock a. m., were loaded on the cars about 4 o'clock p. m., but failed to reach their destination until March 30, 1920, at 6:20 o'clock a. m.; that if said cattle had been transported within a reasonable time they would have reached Kansas City on the 29th day of March, 1920, in time for the market for that day, and that plaintiffs had been damaged by reason of the delay in the sum of $1,692.30, representing the difference in the market value of said cattle on the date they should have been delivered at Kansas City and the date on which they were actually delivered; in the further sum of $1,692.30 damage to said cattle on account of rough handling, and the sum of $2,605.50 on account of shrinkage in weight above the normal shrinkage, if they had been transported in the usual time and with reasonable care.

The defendant admitted that it was a corporation and owned and operated a line of railroad between the city of Duncan, Okla., and Kansas City, Mo., and denied all other allegations in the petition.

There was a trial to a jury and judgment for the plaintiffs in the sum of $3,000. Motion for a new trial was filed and overruled, and the defendant brings the cause regularly on appeal to this court upon petition in error and case-made.

Several assignments of error are set out in the brief and relied upon as grounds for reversal.

The first proposition discussed by the defendant is that the verdict is not sustained by the evidence and is contrary to law.

It is insisted by the defendant that the only competent evidence introduced on the question of a reasonable time for the movement of the cattle from Duncan, Okla., to Kansas City, Mo., was the testimony of the defendant to the effect that the shipment moved in accordance with the schedule fixed by it and approved by the interstate commerce commission, and in this connection it introduced its schedule for livestock movements showing that same were to move out of Duncan, Okla., only on Sundays and

Tuesdays of each week at 3:10 o'clock p. m. and were due to arrive in Kansas City at 3:30 o'clock a. m., on Wednesdays and Fridays following; that since the shipment under the undisputed evidence arrived in Kansas City in less than schedule time, it received a reasonable movement and there was, therefore, no competent evidence of negligence on its part introduced, and the trial court should have instructed the jury as a matter of law in accordance with instructions offered by it and refused that there was no negligent delay shown.

This argument rests upon the assumption that a movement of the cattle in accordance with the established schedule may not be disputed. This argument is without merit. It has been decided by our court that a showing that the shipment moved and reached its destination within the time fixed by a schedule does not necessarily overthrow a presumption of negligence arising from unusual delay where there is other testimony tending to show that a longer time was consumed in moving the shipment than was customary.

In the case of Dickinson et al. v. Seay, 71 Okla. 66, 175 Pac. 216, it is said:

"In an action against a common carrier to recover damages for the negligent delay in the interstate transportation of cattle, where the evidence reasonably tends to show that the carrier failed to transport the cattle within a reasonable time, it is sufficient to take the question of negligence to the jury, and a presumption of negligence is not explained or rebutted by positive evidence on the part of the carrier that the regular schedule of its first train after the cattle were received by it for shipment, and by which train the cattle were moved, would not enable it to deliver the cattle at their destination within a reasonable time."

If there is other testimony in the record reasonably tending to show that the defendant failed to transport the cattle within a reasonable time, a presumtion of negligence would arise which would suffice to take the question to the jury.

The evidence on behalf of plaintiffs discloses that various individuals, including plaintiffs, had been engaged for several years in shipping cattle over the defendant's line of railroad from Duncan, Okla., and vicinity to Kansas City, Mo., prior to the time of the shipment in the instant case, and that 36 hours was a reasonable time for the movement of a shipment of cattle from Duncan, Okla., to Kansas City, Mo.

Testimony of one of the plaintiffs was to the effect that he had shipped cattle over the defendant's line of railroad between these two points about two years prior to the time of the shipment in the instant case, and during the time that the stock schedule testified to by defendant was in force, and that he had made it in 36 hours.

Mr. H. L. Reed, general superintendent of the defendant railroad, testified that there had been instances in which cars of livestock had gone through in 36 hours, during the time that its stock schedule was in force, arriving in Kansas City some 24 hours ahead of schedule time.

In addition to this testimony there was evidence introduced tending to show specific acts of negligence by the defendant in the movement and handling of the train in which the plaintiff's cattle were transported. There was testimony tending to show that the train was overloaded, as a result of which the plaintiffs' cattle were delayed.

Without expressing any opinion upon the weight of plaintiffs' testimony, it was sufficient, in our judgment, to take the case to the jury and to authorize the jury, if they believed plaintiffs' testimony, to find in accordance therewith, and if there were no prejudicial errors of law shown in the instructions of the court in its rulings upon law questions presented during the trial, such verdict will be sustained upon appeal.

It is further insisted that the court erred in its instruction No. 4, and in refusing defendant's requested instruction No. 6.

Our court has several times had occasion to determine what acts by a carrier engaged in interstate transportation of livestock are necessary to raise a presumption of negligence, and it has generally held that proof of unusual or unreasonable delay raises a presumption of negligence without proof of specific acts of negligence, and that the question of the sufficiency of the excuse which the carrier offers or the delay then becomes a question for the jury.

In this case, however, it must be borne in mind that in addition to evidence of unusual delay, there was evidence introduced that the train by which plaintiffs' cattle were conveyed was overloaded to such an extent that in some portions of the journey it was impossible to make more than six miles per hour, and that as a result of the overloaded condition of the train, the cattle were thrown about and bruised in such a manner that they were not worth as much upon the market as if they had been handled otherwise.

We do not think that instruction No. 6, requested by the defendant, and refused by the court, is a fair statement of the law applicable to cases of this kind, and the court committed no error in refusing the same. Nor do we think, upon a careful review of the cases of St. Louis & S. F. R. Co. v. Peery, 40 Okla. 432, 138 Pac. 1027; Midland Valley R. Co. v. Larson, 41 Okla. 360, 138 Pac. 173; Dickinson et al. v. Seay, 71 Okla. 66, 175 Pac. 216; Eastern Elevator Co. v. Atchison, T. & S. F. Ry. Co. et al., 93 Okla. 20, 219 Pac. 332; St. Louis & S. F. R. Co. v. Shepard, 40 Okla. 589, 139 Pac. 833; and Chicago, R. I. & P. Ry. Co. v. Lawton Grain Co., 94 Okla. 289, 221 Pac. 1013, that there was anything fundamentally wrong with instruction No. 4, which was given by the court to the jury.

It is next urged that the court erred in giving the jury instruction No. 3, on the subject of a contract for special services, and that the instruction violated rights secured by the defendant under the act to regulate commerce, and amounts to the taking of defendant's property without due process of law and in contravention of law, and in refusing to give defendant's requested instructions Nos. 5 and No. 9.

This contention cannot be sustained. An examination of the testimony discloses to our satisfaction that the contract for special service relied upon by plaintiffs extended no further time to secure a movement of the stock train out of Duncan upon a day other than those provided in the regular stock schedule of defendant. There is testimony that the defendant agreed to furnish a special train to the plaintiffs in so far as the movement of the train out of Duncan should take place upon a day other than that provided in the general schedule, fixed by it and approved by the Interstate Commerce Commission, but that in all other respects the train should move according to schedule requirements. But there is no testimony so far as our examination of the record discloses that the defendant ever agreed to furnish a special train for a rate not authorized or permitted by its published tariffs, which should move independently of its general stock schedule and reach Kansas City within 36 hours.

There was introduced in evidence by the plaintiffs a letter written by Mr. Marsh of the Oklahoma National Livestock Exchange of Oklahoma City, Okla., acting for the plaintiffs, to Mr. Sanders, an official of the defendant railroad at El Reno, Okla., requesting a movement of the cattle within 36 hours, but the evidence conclusively shows that this letter was never answered, and hence there is no proof of any agreement by the defendant to move the cattle by special train within 36 hours independently of its general schedule requirements, for which no rate existed in the published tariffs.

On the other hand, Mr. Reed, the general superintendent, testified that the general schedule of the defendant provided for the movement of 25 cars of livestock on off days upon application being made therefor through the office of the superintendent of transportation at Chicago, Ill, and that arrangements had been made by the defendant for such a movement, subject in other respects to general schedule requirements.

There is no evidence in the record from which it can be said that the defendant transported plaintiffs' cattle in a manner and for a charge not authorized by its published tariffs, or in violation of the established schedule fixed by it and approved by law, and instructions No. 5 and No. 9 are therefore, in our judgment, inapplicable.

It is next contended that the trial court erred in excluding the contracts identified by the plaintiffs, and which were issued pursuant to the act regulating commerce. We believe this contention is well taken. The record discloses that the plaintiffs were permitted to introduce testimony tending to show improper reloading of the cattle at Caldwell, Kan., after they had been removed from the cars for feeding and rest, and that the improper manner in which they were reloaded had a tendency to cause the cattle to shrink in weight and otherwise damage them, and that this testimony was allowed in spite of the fact there there was no claim of damage in the petition on account of improper reloading.

It was the contention of the defendant that under the terms of the livestock contracts issued, it was the duty of the plaintiffs to load and unload the cattle at their own risk and expense, and after the testimony of the plaintiffs, dealing with the improper reloading of the cattle at Caldwell, Kan., had been introduced, and in order to meet this proof it offered in evidence the livestock contracts, which offer was by the court refused. It seems to us that if plaintiffs are to be permitted to enhance the amount of their recovery by proof of matters outside the scope of their petition, that the defendant should be permitted to amend its answer, and introduce the livestock con-

tracts in order to controvert plaintiffs' proof upon these matters, and show that the improper reloading of the cattle was not due to its fault.

If the plaintiffs, who accompanied the shipment, could have prevented any of the damage which under plaintiffs' contract it was their duty to prevent, then to the extent of any damage which might have been so prevented, the defendant would not be responsible. Atchison, T. & S. F. Ry. Co. v. Merchants' Live Stock Co., 273 Fed. 130.

We are of the opinion that the refusal of the trial court to permit the introduction in evidence of the livestock contracts constituted reversible and prejudicial error, and operated to deprive the defendant of a substantial right.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.