### TANDY et al. v. GARVEY et al.

No. 16062—Opinion Filed Dec. 22 1925.

1. **Appeal and Error—Absence of Order from Record—Effect.**
An assignment of error based upon an order of the court that is not made to appear in the record on appeal does not present anything for this court to pass on.

2. **Same—Exclusion of Evidence—Necessity for Pointing Out Error in Brief.**
An assignment of error based upon the ruling of the court to the effect that the court refused appellant the right to prove or disprove a certain fact, in controversy, must point out in the brief in what particular the right to make the proof was refused, otherwise the presumption will be indulged that the error complained of does not exist.

3. **Same—Necessity for Record Supporting Assignment of Error.**
An assignment of error that is not supported by the record presents nothing for the consideration of this court.

4. **Same—Error in Overruling Demurrer to Evidence.**
An assignment of error that complains of an order overruling a demurrer to the evidence, which demurrer does not appear in the record and which the appellant admits is not in the record, presents nothing for the consideration of this court.

5. **Same—Preservation of Error in Exclusion of Evidence.**
An assignment of error complaining that the court erred in ruling out competent evidence must be supported by a showing that the witness was sworn, present, and ready to give the evidence in answer to a proper question propounded, and was prevented from giving the evidence by the ruling of the court; the substance of the evidence must then be offered to the court in writing or by dictation into the record, and ruled out by the court and exception saved and the same made to appear in the case-made on appeal, otherwise the assignment presents nothing for this court to pass on.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Woodward County; Jas. B. Cullison, Judge.

Action by John Garvey on notes and foreclosure of real estate mortgage against the Woodward Cotton Company, a corporation, and John Raynor, in which the Bank of Woodward, A. H. Tandy, and others were interpleaders. Judgment for plaintiff and the bank, and the other parties appeal. Affirmed.

S. B. Laune, for plaintiffs in error A. H. Tandy et al. and Woodward Cotton Company.

O. C. Wybrant, for defendant in error Bank of Woodward.

Simons, McKnight & Simons, for defendant in error John Garvey.

Opinion by THREADGILL, C. On October 3, 1923; John Garvey, one of the defendants in error, as plaintiff, commenced this action in the district court of Woodward county against the Woodward Cotton Company, a corporation, and John Raynor, as defendants, to recover a balance due on a note in the sum of $13,314.35, with 10 per cent. interest per annum from July 19, 1923, $1,331 attorney's fees, and to foreclose a real estate mortgage securing said note. The note was made July 28, 1915, and was for the sum of $18,250 with 10 per cent. interest per annum from date and 10 per cent. attorney's fees and due and payable five years from date. At the time the action was brought it had been reduced by partial payments to the amount sued for. The mortgage was given on lots 1, 4, 5, 8, and 9 in block 29 of the town site of Woodward. The defendants, Woodward Cotton Company and John Raynor, demurred to the petition generally, which was by the court overruled, and defendants given five days in which to answer. On November 28, 1923, the Bank of Woodward, being a state bank, and A. H. Tandy, with others, claiming to be minority stockholders of the Woodward Cotton Company, asked leave and were permitted and given 20 days in which to file petition in intervention in said cause. On January 3, 1924, the Bank of Woodward filed its petition to recover judgment for balance due on a note in the sum of $10,-000, dated May 2, 1922; due and payable August 2, 1922, which note was made to the Central Exchange Bank of Woodward for $15,000, but reduced by a partial payment to $10,000, with interest from March 24, 1923, at 10 per cent. per annum until paid, and 10 per cent. attorney's fees, and to foreclose the same real estate mortgage described by plaintiff, which was given to secure the note sued on by plaintiff for $18,250; also to secure a note given to John Raynor on the same day for the same amount on the same terms, and which had been reduced by partial payments to $9,000, bearing interest and attorney's fees, and the same being delivered to the Central Exchange Bank of Woodward as collateral security for the said $15,000 note, and which were transferred to intervener at the same time the $15,000 note came into its possession. Thereupon the interveners, A. H. Tandy and others, filed a demurrer to the bank's petition, in which they stated that the said bank had no legal capacity to sue; that they had an action No. 3773, pending, prior to and at the time said bank secured the

note and mortgage it bases its action on, and their said action involved the property described in the mortgage; and that said bank's petition does not state facts sufficient to constitute a cause of action. Thereafter, on January 2, 1924, the said A. H. Tandy and others filed another demurrer to the same petition, and stated more fully their relation to the Woodward Cotton Company, as well as the relation of John Garvey and John Raynor to said company, and they allege collusion and fraud on the part of said Garvey and Raynor, and then assign the same grounds of demurrer as in the one filed on January 7th. The demurrers of A. H. Tandy and others were overruled and exceptions taken. Thereupon they filed motion to make petition of John Garvey more definite and certain, in which they state that they were the same parties that filed suit in cause No. 3773, pending in the same district court as the present case; that said cause has not been tried because a complete audit of the books of said cotton company, as ordered by the court, had not been secured, and the audit had been delayed by the efforts of plaintiffs Garvey and John Raynor, the one being president and the other vice president, and both being directors of the company; that said president and vice president, by common consent, have diverted the profits, dividends, and income of the company for their own use and benefit to the injury of the corporation and its stockholders in the sum of $75,000; that they refused to make a defense for the company, and the said minority stockholders have a good and valid defense to same, and, therefore, the plaintiff should be required to make his petition more definite and certain by stating; (1) The authority for the note and mortgage sued on. (2) The actual cash or value paid for the note. (3) The authority of Garvey and Raynor for making the notes and mortgage for the company and to themselves. (4) The date when the $200 payment was made and credited on the note. There was a motion to strike this motion, but it was overruled, as was the motion to make more definite and certain.

Thereupon Tandy and others filed the petition in intervention, in which they state they are same parties as plaintiffs in case No. 3773, still pending in the district court; that they have an interest in all the property of the cotton company; that John Raynor is president and John Garvey vice president, and have been such officers at all times referred to in the petition; that the company was organized in 1905, and had a profitable business up to the year 1918;

that said Raynor, Garvey, and Marum owned the controlling interest in the company and had worked together to appropriate all the property to themselves, and to cheat and to defraud the minority stockholders; that they filed suit against Garvey, Raynor and Marum in said case No. 3773, and asked for judgment, as shown by the petition, a copy of which they attach to their petition. They state that two notes aggregating $36,500, and mortgage securing the same, described in plaintiff's petition, were given in furtherance of a scheme to increase the value of the capital stock of the corporation from $25,000 to $75,000, and otherwise manipulate the management of the stock and profits in the interest of themselves and to defraud the minority stockholders. They state that the notes and mortgages sued on were wholly void for want of consideration; that no money was loaned to the company for the said notes and mortgage, and the company gave no authority to make said notes and mortgage. They asked for a receiver and for a complete audit of the books of the company and for general relief in equity. There was a motion to strike this petition on the ground that it was filed out of time and not according to the order of the court, which was overruled.

The Bank of Woodward filed a general denial of the petition of A. H. Tandy and others. The plaintiff, Garvey, demurred to the petition of Tandy and others on the ground that it stated no cause of action, which the court overruled and exception was saved. Plaintiff then filed answer to said petition of Tandy and others consisting of a general denial and admission that he was a stockholder and director of the company; and further stated that the notes sued on were for money loaned by him and John Raynor to the company, and received and used by the company to the full amount of the said notes sued on. Thereupon, the minority stockholders filed an answer for the Woodward Cotton Company to the petition of John Garvey and the cross-petition of the intervener, Bank of Woodward, consisting of a general denial, and further stated that John Raynor and John Garvey were president and vice president and directors and managers of the company at the time the notes were executed, and had failed and neglected to defend in the action for the company, and had connived and conspired together with each other and the Bank of Woodward to force a foreclosure on all the property of the company and to their own use and benefit and the use and benefit of the assigns and to deprive the corporation

of its rights and property. They adopt for the company the petition of intervention of Tandy and others and the exhibits attached thereto. They denied for the company that the Bank of Woodward is a holder of the note it sued on for value before maturity and without notice, and they say that the notes sued on were void and not a legal liability against the company. These are substantially the issues as made up by the pleadings and which were tried to the court without a jury on July 7, 1924. The court, after hearing all of the evidence and the discussion of the attorneys, rendered judgment for the plaintiff John Garvey and for the interpleader, the Bank of Woodward, for the amounts sued for, and ordered a foreclosure of the mortgage and the property to be sold, and after paying the costs and the attorney's fees, the balance of the proceeds of the sale to be divided equally between the plaintiff John Garvey and the intervener, the Bank of Woodward, to be applied on their respective judgments, and any sum remaining to be disposed of as the court should direct. From this judgment the interveners, A. H. Tandy and others, have appealed, alleging many assignments of error and asking for a reversal of the judgment.

1. In the first place plaintiffs in error make the following statement and contend:

"The court erred in separating said cases No. 4328 and No. 3773, which had been duly consolidated for trial at a prior term of the district court, and denying to said Woodward Cotton Company and said minority stockholders all defenses set up in said case No. 3773, and forcing said plaintiffs in error to go to trial in said case No. 4328."

Defendants in error in answer to this assignment say there is no foundation for it in the record. We have made an examination of the record to determine just what was done, and we find no order consolidating the two cases and no agreement for that purpose, nor do we find any order of the court separating the two cases, and, in fact, nothing appears of record to show that the cases were ever consolidated or separated, and we must, therefore, conclude that this assignment of error is without foundation, and under the well-known rule requiring errors for review to appear of record duly excepted to, there is nothing presented under this assignment for this court to review.

2. In the second place plaintiffs in error contend that the court erred in refusing them the right to show want of consideration for the note of plaintiff John Garvey, and the

note of John Raynor involved in the controversy. In their argument of this assignment, they do not point out in what particular they were denied the right to make this proof. In the discussion they call attention to the relation of John Garvey and John Raynor to the corporation and to the fact that the two $18,250 notes and mortgage securing them were made by them as officers of the corporation to themselves, and they also call attention to the minutes of the stockholders' meeting and minutes of the directors' meeting, authorizing and approving these loans and for the purpose of installing a Deisell oil engine, and the construction of a mill and elevator, and for the payment of the debts, and they contend that these loans were for the benefit of the said president and vice president, and not for the benefit of the corporation, and they presume that the corporation did not get anything of value for the notes and mortgage, and yet the proof shows that the money was loaned for the full amount of the two notes, and that the corporation used the same for the purpose for which the loans were made. They cite us to the case of Young v. Columbia Land & Inv. Co. (Ore.) 101 Pac. 212, which lays down the rule that officers cannot represent the corporation in matters in which they are personally interested. Also, the case of Bently v. Zelma Oil Co., 76 Okla. 116, 184 Pac. 131, which lays down the rule that:

"Directors and officers of a corporation, having management of its affairs, will not be permitted by a court of equity to violate their trust for welfare of the company and stockholders, by selling or purchasing corporate property to their own personal advantage and to the detriment of their cestuis que trust."

Also, the cases of Nelson v. Jones (Idaho) 224 Pac. 435, and McCray v. Sapulpa Petroleum Co., 102 Okla. 108, 226 Pac. 875, in which it is stated, "Corporate officers cannot ratify their own wrongful acts." They conclude their discussion under this assignment by saying that: "The officers were guilty of wrongful acts and proved it by their own evidence;" and upon this assumption they cite us to Campbell v. Hansford (Cal.) 227 Pac. 234, and Nelson v. Jones, supra, all to the effect that officers and agents of a corporation will not be permitted to have dealings and make contracts with themselves to the detriment of the corporation and to the injury of the stockholders.

The trouble we find with defendants in error's argument is that they state one thing in the assignment of error and then discuss a different subject. We have examined the record and we fail to find where the plaintiffs in error were denied any right to show lack of value of consideration for the notes sued on, and in their contention that the notes and mortgages were invalid and without authority of law; the minutes of the stockholders' meeting, as well as the minutes of the directors' meeting, mentioned by them, are against them on the question of the good faith of the transactions and the validity of the contracts. McKee v. Interstate Oil & Gas Co., 77 Okla. 260, 188 Pac. 109. We do not think that plaintiffs in error, under this assignment, have presented anything for this court to pass on. Where the assignment of error is simply stated in the brief, and no facts are stated or pointed out in the record to sustain the assignment, and the discussion made and authorities cited are confined to some other question than the assignment of error stated, there is nothing presented for this court to consider.

3. Appellants' third contention is that the court erred in holding "that the $15,000 note given by Woodward Cotton Company, was enforceable in the hands of a third party"—the Bank of Woodward—"with notice and after maturity, and when the evidence showed that the capital stock of the Central Exchange Bank was only $25,000." We do not think there is any foundation for this contention. Plaintiffs in error do not point us to any proof in the record, and we have been unable to find any, that the capital stock of Central Exchange Bank was only $25,000. We find that plaintiffs in error offered to prove this, but upon objection the offer was refused, and while exception was taken, this ruling of the court is not urged as error, but counsel proceeds on the presumption that the proof was made. There is no proof that the loan was made without consent of the stockholders or the board of directors of the Woodward Cotton Company, but counsel indulges the presumption that it was made, as urged in the assignment, but we are not given any information as to the proof, and unless the evidence is recited upon which the presumption is based, this court will not search the record for proof to sustain the error assigned. This should be done, and the evidence presented by the party complaining, otherwise this court may presume that the evidence does not exist. As to the note not being enforceable in the hands of third parties with notice after maturity, this question was not an issue in the case. The evidence shows that the Woodward Cotton Company got the money for

which the note was given and the president, John Raynor, put up his $18,250 note from the said cotton company as collateral security, and the Bank of Woodward bought the note in due course of business, and this evidence was not denied, and in the absence of fraud, it would make no difference as to the Central Exchange Bank or its assigns, or the Woodward Cotton Company or its stockholders, what the capital stock of the Central Exchange Bank was, or what action was taken by the stockholders or directors of the cotton company, in obtaining the loan and making the note. The note was valid in the hands of the Central Exchange Bank, and even after maturity was as much so in the hands of its assigns, and possession was sufficient to raise the presumption of ownership for value. Ringer v. Wilson, 55 Okla. 82, 154 Pac. 1145.

4. The fourth contention is that the court erred in overruling the demurrer to the evidence of defendants in error. They admit that this demurrer is not in the record, but say the same "was contested all the way and exceptions saved, when Garvey's evidence was introduced." We cannot understand how counsel can urge an error not made of record as strict as the rule has always been, requiring that error complained of must appear in the record, and as often as this court has passed on this question and sustained the rule. The demurrer complained of not being in the record, there is nothing under this assignment for this court to pass on.

5. The last contention made by plaintiffs in error is that the court committed error in ruling out competent and legal evidence. In presenting this assignment counsel gives us excerpts of a colloquy between him and and trial judge; the trial judge contending that he had not offered any evidence as a defense to the action, and that he did not care to hear any other evidence of the same character. This cannot be considered an argument in support of the assignment made. In order for this court to consider error of the trial court in ruling out competent and legal evidence, the witness must be sworn and placed on the witness stand and the evidence offered must be the evidence of such witness. When the question is asked the witness and objection to it is sustained by the court, the substance as to what the witness would state, if permitted to answer the question, must be written and presented to the court or dictated into the record, but out of the hearing of the jury, if before a jury, and if the court then refuse to admit it in evidence, an exception may be saved

and presented to this court for review; otherwise, there is nothing for this court to pass on under the assignment. This rule is too well known to the practice in this state to require citation of authorities.

Finding no reversible errors in the record, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1, 3, 4) 3 C. J. p. 1365, § 1510. (2) 3 C. J. p. 1429. § 1592. (5) 3 C. J. p. 1371, § 1519.