**M. E. CARVER, Plaintiff in Error,**

v.

**KNUTSON ELEVATORS, Inc. et al.,**
Defendants In Error.

No. 36459.

Supreme Court of Oklahoma.
June 21, 1955.

Hughes, Ogden & Ogden, Guymon, for plaintiff in error.

Tryon & Sweet, L. E. Tryon, Orlando F. Sweet, Guymon, for defendants in error.

PER CURIAM.

The plaintiff M. E. Carver, filed this action against Knutson Elevators, Inc., Emil Knutson and Reconstruction Finance Corporation to recover the sum of $6,633.50, claimed to be the balance due upon a written contract whereby he agreed to repair a concrete grain elevator at Guymon, Oklahoma, and to foreclose a mechanics lien upon the elevator and the land upon which it is located.

The action was dismissed as to all defendants except Knutson Elevators, Inc., and the mechanics lien was discharged by bond, leaving only an action for the balance alleged to be due under the written contract between plaintiff and Knutson Elevators, Inc., as defendant. The parties will be referred to as plaintiff and defendant as they appeared in the trial court.

The defendant filed an answer and cross-petition and prayed for damages in the sum of $25,000 on account of the alleged failure of plaintiff to properly execute the written contract to repair the elevator of defendant, " * * * in a good and workmanlike manner, in accordance with the highest standards now recognized for such repair work", and that the plaintiff also failed to carry out his written contract " * * * to hire only men who were competent and experienced in such work", and that the plaintiff also failed to complete the repair work to the satisfaction of the owner of the elevator. The cross-petition alleged in detail numerous phases of faulty repair work done by the plaintiff in working on the elevator and such faulty work on the part of the plaintiff is alleged to have decreased the value of the elevator in the sum of $25,000.

The jury returned the following verdict, to wit:

"We, the jury impaneled and sworn in the above entitled cause, do upon our oaths find for the defendant and fix the amount of their recovery at $ No Damage.

"We, further agree that Defendant pay all bills connected with the constructions of Elevator Repairs agreed to in testimony of Mr. Guy Bennett and Mr. Knutson.

"s/ O. C. Bollinger, Foreman."

The court accepted the verdict and rendered judgment for the defendant, and apparently disregarded that portion of the verdict whereby the jury agreed that certain bills left owing by the plaintiff should be paid by the defendant. The testimony showed that the plaintiff owed some 7 or 8 hundred dollars in bills incurred by him in Guymon while he was engaged in the repair work on the elevator. Nothing in the pleadings or testimony supported the suggestion that the defendant pay these bills and that portion of the verdict was properly disregarded by the court.

Plaintiff's motion for a new trial was overruled and he has appealed. Three propositions are urged for reversal. Propositions 1 and 2 are considered together and are as follows:

"Where the measure of damages is fixed by statute, the trial court must on his own motion properly instruct the jury on decisive issues formed by the pleadings and evidence and failure to do so constitutes reversible error."

"Where there is no evidence of damage, the submission of an instruction to the jury of damage, is reversible error."

Under the above propositions, plaintiff, complains of error in the failure of the court to sustain his motion to strike certain portions of defendant's cross-petition and also in failing to sustain his demurrer to defendant's cross-petition. The record fails to show any action by the court or exceptions thereto by the plaintiff on the motion and demurrer mentioned, and, under the well established rule announced in Tandy v. Garvey, 115 Okl. 214, 242 p. 546, and in numerous later decisions by this Court, the errors complained of will not be considered.

■ The chief contention under these propositions is the alleged error of the court in giving instruction No. 5, which is as follows:

"You are instructed that the burden of proof rests upon the defendant to establish the material allegations in its cross-petition contained by a fair preponderance of the evidence which are not admitted by the plaintiff, and if, after a careful consideration of all the evidence in the case, you find that the defendant has sustained the material allegations contained in its cross-petition, by a fair preponderance of the evidence, then and in that event, it will be your duty to find for the defendant and against the plaintiff, but in any event not to exceed the sum of $25,000.00."

The above instruction does not meet the requirements of Section 21, 23 O.S.1951, covering damages for breach of contract. It fails to instruct the jury as to the correct measure of damages and leaves the jury with no definite method of calculating the correct amount of damages due the defendant under its cross-petition. In Smith v. First National Bank of Chandler, 114 Okl. 293, 245 P. 653, this Court announced the correct measure of damages under such facts as follows:

" * * * measure of damages for the breach of said contract is the difference between the cost of completion of the work and the contract price, less the reasonable value of the work and materials supplied by the supply company, plus any advance made to said company."

Instruction No. 5 is erroneous, but since the jury failed to find that defendant was entitled to any damages whatever on his cross-petition, we think the error was clearly harmless.

■ In Schaff v. Coyle, 121 Okl. 228, 249 P. 947, 949, this Court announced the rule on this question on one of the paragraphs of the syllabus as follows:

"It is only where the errors complained of have resulted in a miscarriage of justice, or constitute a sub-stantial violation of some constitutional or statutory right, that this court will reverse a cause, because of the admission or rejection of evidence, the giving or refusing of instructions, or alleged errors in matters of pleading or procedure."

■ We cannot agree that there was no evidence of damage suffered by the defendant. There is ample evidence to sustain a finding of damage to the defendant by reason of defective workmanship, which could not fail to damage the owner of the elevator.

■ In Bunch v. Perkins, 198 Okl. 517, 180 P.2d 664, 666, it was said in the body of the opinion:

"Although it is the general rule that the trial judge has the duty to correctly instruct the jury upon fundamental issues, it is also well settled that when one party deems an instruction as to the measure of damages inadequate, he must call the court's attention thereto, and must then submit a requested instruction upon such phase of the case. * * *"

The plaintiff failed to submit a requested instruction upon this phase of the case.

■ The plaintiff introduced in his case in chief the testimony of Claud M. Cave of Dodge City, Kansas, who testified that the plaintiff had repaired an elevator for him two or three months after working for defendant and that his work was very satisfactory. This evidence was immaterial at the time it was offered, but the defendant made no objection to its introduction. The defendant in its case in chief offered the testimony of J. M. Knowles of Springfield, Colorado, who testified that the plaintiff undertook a repair job for him and that he discharged the plaintiff for the reason that the workmanship was poor. The plaintiff complains that it was error to admit the testimony of Knowles. With this we cannot agree. The defendant in its cross-petition alleged that the plaintiff had assured its officers that he had a wide experience and was expert and well skilled in the performance of that character of

service which he had undertaken for it and that he would hire only competent and experienced men to assist him in carrying out the job. The plaintiff objected to the introduction of Knowles' testimony and the trial court in the absence of the jury, listened to the arguments of counsel as to the admissibility of this testimony and at the close of the argument, the objection to the introduction of this testimony was overruled. In so doing, the trial judge did not abuse his discretion. The work about which Knowles testified was performed within a short time after plaintiff had been discharged from the job for the defendant. We think that this testimony was admissible on behalf of the defendant on two grounds; first, in support of the allegations of its cross-petition, and second, to rebut the testimony of plaintiff's witness, Cave. It is the well established rule that evidence otherwise inadmissible is frequently admitted because of the fact that similar evidence has been introduced by the adverse party. The party who first introduces improper evidence cannot object to the admission of evidence from the adverse party relating to the same matter. However, the admission of such evidence is not a matter of absolute right, but rests in the sound discretion of the court. See 31 C. J.S., Evidence, § 190; Crosby v. Keen, 200 Miss. 590, 28 So.2d 322. We think that the defendant was clearly within his right to introduce the testimony of Knowles since it was opened up by the plaintiff with the testimony of the witness, Cave. In Chicago, R. I. & P. Ry. Co. v. Simms, 100 Okl. 138, 229 P. 638, we held that it was not error to admit defensive evidence of this nature. In Burrell v. United States, 9 Cir., 147 F. 44, 77 C.C.A. 308, where on an issue as to the sufficiency of certain mill work, defendant proved that the mill company's superintendent was incompetent to perform his duties in a good and workmanlike manner the mill company was held to be entitled to show in rebuttal that other work of like character done contemporaneously for other parties under the management of the same foreman was good and acceptable. See also McCormick v. Ketchum, 48 Wis.

643, 4 N.W. 798. This statement was made in Dorn v. St. Louis Public Service Co., Mo.App., 250 S.W.2d 859, 865:

> "An objection to the admission of evidence is waived where the same or similar evidence has been adduced by the party objecting."

The defendant's testimony by Knowles was clearly competent, relevant and material to show that the plaintiff was not capable and experienced sufficiently to perform the work he contracted to do for defendant.

Judgment affirmed.

JOHNSON, C. J., and CORN, ARNOLD, HALLEY and BLACKBIRD, JJ., concur.

WILLIAMS, V. C. J., concurs in result.

WELCH and JACKSON, JJ., dissent.